FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 18, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOLLIE H., <br>         Plaintiff, <br> vs. <br> COMMISSIONER OF SOCIAL SECURITY, <br>         Defendant. | No. 2:17-cv-00421-MKD <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR REMAND <br><br> ECF Nos. 17, 21 |

BEFORE THE COURT is Plaintiff's Motion for Summary Judgment and Defendant's Motion for Remand. ECF Nos. 17, 21. The parties consented to proceed before a magistrate judge. ECF No. 4. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 17, is granted and Defendant's Motion, ECF No. 21, is granted.

ORDER - 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner

ORDER - 3

considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On September 16, 2013, Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging disability beginning December 1, 2006. Tr. 287-302, 345, 353. Benefits were denied initially, Tr. 211-16, and upon reconsideration. Tr. 223-27. Plaintiff appeared for a hearing before an administrative law judge (ALJ) on September 16, 2016. Tr. 79-107. On November 1, 2016, the ALJ denied Plaintiff's claims. Tr. 17-36.

At step one, the ALJ found Plaintiff met the insured status requirements through September 30, 2013 and had not engaged in substantial gainful activity since December 1, 2006, the alleged onset date. Tr. 22. At step two, the ALJ

ORDER - 6

found Plaintiff has the following severe impairments: depressive disorder, posttraumatic stress disorder and marijuana abuse. Tr. 22. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 23. The ALJ then concluded that Plaintiff has the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations:

> She can understand, remember and carry out simple routine and repetitive tasks/instructions; she can maintain attention and concentration for two-hour intervals between regularly scheduled breaks to avoid stress. She can tolerate a predictable environment with no changes in work routine; no judgment or decision making; no fast [sic] paced production work; no interaction with the public; only brief and superficial (defined as non-collaborative) interaction with coworkers; no more than small groups of familiar coworkers; she can deal with things rather than people.

Tr. 25.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a waitress and caregiver. Tr. 30. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that the Plaintiff can perform such as industrial cleaner, warehouse worker/laborer stores, and garment sorter. Tr. 31. The ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, from December 1, 2006 through the date of the decision. Tr. 31.

ORDER - 7

On October 23, 2017, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability income benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 17. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence;
2. Whether the ALJ properly evaluated Plaintiff's symptom claims; and
3. Whether the ALJ properly determined the RFC.

ECF No. 17 at 4-17.

**DISCUSSION**

**A. Conceded Errors**

Plaintiff contends the ALJ improperly weighed the opinions of Renee Thompson, Psy.D., Bernard Currigan, D.O., Donna Veraldi, Ph.D., and John Gilbert, Ph.D. ECF No. 17 at 4-12; *see* Tr. 447-56, 457-61, 82-90, 181-87, 195-99. As a result of these errors, Plaintiff contends the ALJ improperly determined Plaintiff's RFC. ECF No. 17 at 12. Defendant concedes the ALJ committed reversible error in evaluating the opinion evidence and in formulating the RFC.

ORDER - 8

ECF No. 21 at 4. Specifically, Defendant concedes the ALJ selectively relied upon portions of examining psychologist Dr. Thompson's opinions and failed to discuss her opinion that Plaintiff's symptoms "significantly" affect functioning and will make "sustaining gainful employment difficult." ECF No. 21 at 6 (citing Tr. 456). Furthermore, Defendant concedes the ALJ's RFC permitted interaction with coworkers, despite Dr. Thompson's opinion that Plaintiff "will struggle" if required to work around other people, she will have "difficulty" interacting with coworkers and supervisors, and she can perform simple, repetitive tasks only if "alone and isolated." ECF No. 21 at 6 (citing Tr. 456). Defendant also concedes the ALJ failed to consider the opinion of Dr. Currigan, who conducted a physical consultative examination but concurred with Dr. Thompson's evaluation of Plaintiff's ability to work around other people. ECF No. 21 at 7; Tr. 459. Finally, although the ALJ assigned significant weight to the opinion of testifying medical expert Dr. Veraldi, Defendant concedes the ALJ failed to consider Dr. Veraldi's

entire opinion which questioned Plaintiff's ability to sustain work given her severe mental impairments. ECF No. 21 at 9; Tr. 82-90.

Accordingly, in light of the ALJ's error, the sole question before the Court is the proper remedy.

**B. Remand Standard**

Here, the parties appear to agree that the appropriate remedy is remand for additional proceedings. In her brief, Plaintiff requests the Court "reverse the ALJ's decision and remand the case for a supplemental hearing . . ." ECF No. 17 at 18. Defendant's Motion also seeks a remand for further proceedings and asks the Court to "decline Plaintiff's invitation to credit any evidence as true." ECF No. 21 at 10. However, Plaintiff's Motion did not advocate that the evidence be credited as true and Plaintiff did not file a Reply. *See* ECF No. 17.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

ORDER - 10

775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met.  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted).  Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

    Defendant contends "the parties disagree on remedy," ECF No. 21 at 2, however both Motions contend further administrative proceedings would be useful due to conflicts and ambiguities in the record.  *See* ECF No. 17 at 18; ECF No. 21. Plaintiff did not file a Reply and Plaintiff's Motion does not contend the credit-as-true rule is satisfied.  ECF No. 17.  Indeed, as to the first element of the credit-as-true rule, administrative proceedings are generally useful where the record "has

[not] been fully developed," *Garrison*, 759 F.3d at 1020, there is a need to resolve conflicts and ambiguities, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), or the "presentation of further evidence ... may well prove enlightening" in light of the passage of time, *I.N.S. v Ventura*, 537 U.S. 12, 18 (2002). *Cf. Nguyen v. Chater*, 100 F.3d 1462, 1466–67 (9th Cir. 1996) (remanding for ALJ to apply correct legal standard, to hear any additional evidence, and resolve any remaining conflicts); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (same); *Dodrill v. Shalala*, 12 F.3d 915, 918, 919 (9th Cir. 1993) (same); *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (en banc) (same). The parties agree conflicts and ambiguities exist in the record. For example, Dr. Thompson opined Plaintiff's symptoms "significantly" affect functioning and will make "sustaining gainful employment difficult"; Plaintiff "will struggle" if work requires her to be around other people; she will "have difficulty" interacting with coworkers and supervisors (especially men); and she can perform simple, repetitive tasks if "alone and isolated." Tr. 456. Dr. Gilbert, the reviewing state agency psychologist whom the ALJ assigned great weight, opined Plaintiff could sustain work, despite noting Plaintiff's symptoms increase with stress and would interfere with her ability to interact with people. Tr. 28-29, 185. Yet, Dr. Veraldi testified that the record was ambiguous as to Plaintiff's ability to sustain work. Tr. 85-86 ("To me, that would be simple, routine, repetitive work, but of course the question is sustainability.

How much is she suffering from the PTSD symptoms? How much are they going to interfere? How often is she having panic attacks? When I look at her treatment records, there's a lot of listing of symptoms and yet, I'm not quite sure where she's having them. It's just, it's really hard for me to tease that out."). Dr. Veraldi also noted that "I don't know that the record clearly answers" whether Plaintiff would become so overwhelmed by stress that she could not sustain work, or whether Plaintiff would be able to manage her symptoms. Tr. 89.

The Court concludes that the credit-as-true factors are not satisfied and that remand for further administrative proceedings is warranted. The parties propose slightly different remand instructions. Plaintiff proposes: "[t]he ALJ should be ordered to reassess all of the evidence, receiving additional testimony regarding Plaintiff's ability to perform other work, and reassess Plaintiff's RFC and ability to perform sustained work activities, after developing the record by obtaining a functional assessment from the treating physician or ordering a consultative exam." ECF No. 17 at 18. Defendant proposes the Court instruct the ALJ to: 1) "provide Plaintiff an opportunity for a new hearing and to submit additional evidence in support of her claim"; 2) "fully develop the medical record"; 3) "reevaluate the medical opinions of record indicating the weight assigned to each opinion with specific reasoning and citing the evidentiary basis for the conclusions"; and 4) "reassess Plaintiff's maximum residual functional capacity and in doing so resolve

any conflicting findings, and if warranted, obtain supplemental vocational evidence or otherwise comply with SSR 00-4p." ECF No. 21 at 11.

The Court orders that on remand, the ALJ shall:

- Provide Plaintiff with the opportunity to submit additional evidence and for a new hearing;
- Reevaluate the medical opinions of record indicating the weight assigned to each opinion with specific reasoning and citing the evidentiary basis for the conclusions;
- Review all of the evidence and determine whether further development of the record is necessary;
- Reevaluate Plaintiff's residual functional capacity and if necessary, obtain vocational evidence to reevaluate steps four and five of the sequential evaluation process in order to clarify the effect of the assessed limitations on Plaintiff's occupational base; and
- Take any further action needed to complete the administrative record and to issue a new decision.[1]

The Court finds that time is of the essence. Plaintiff has had to wait more than five years for a proper adjudication of her application for benefits. Accordingly, it is ordered that the Defendant shall conduct any further hearing in this matter within **180 DAYS** of the date of this Order, unless Plaintiff is unable to proceed within the timeframe. *See* Soc. Sec. Admin. Hearings, Appeals and Litigation Law Manual (HALLEX) §§ I-4-6-5 (articulating agency procedures for

---

[1] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention regarding the ALJ's evaluation of Plaintiff's symptom claims.

ORDER - 14

time-limited court remands), I-2-1-55(d)(directing the agency to "immediately" flag and assign time-limited court remand cases); *Baldree v. Colvin*, No. SACV 15-00011-KLS, 2015 WL 5568611, at *5 (C.D. Cal. Sept. 21, 2015)(collecting cases recognizing court's authority to impose time limits).

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No.17, is **GRANTED.**

2. Defendant's Motion for Remand, ECF No. 21, is **GRANTED**.

3. The Court enter **JUDGMENT in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for immediate calculation and award of benefits** consistent with the findings of this Court.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED January 18, 2019.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE